## CATHARINE WOODWORTH v. FRANCIS R. GORTON.

*Quieting wife's title as against husband's creditors.*

A bill to quiet title as against an indefinite claim was properly sustained where the proofs showed that defendant had tried to sell the land under an invalid levy against complainant's husband, and that the certificate of sale had been filed with the register of deeds.

On a bill to quiet a wife's title to land upon which a levy had been made under a judgment against her husband, the suggestion that the husband's creditors may attack the wife's title is of no force where no such issue is raised by the answer and the defendant has not put himself in position to raise it on the proofs.

Appeal from Wayne. Submitted June 16. Decided June 22.

BILL to quiet title. Defendant appeals. Affirmed.

*Henry M. Cheever* for complainant. A bill to quiet title is not to fortify a bad one but to remove suspicions against a good one: *Stockton v. Williams* Walk. Ch. 120; complainant is not bound to show that defendant's claim would be *prima facie* good at law: *Holbrook v. Winsor* 23 Mich. 394; relief may be allowed against legal proceedings which, being defective, carry no title: *Grover v. Fox* 36 Mich. 458; see *Eaton v. Trowbridge* 38 Mich. 454; *Blodgett v. Dwight* id. 596; *Head v. Fordyce* 17 Cal. 149; *Hartford v. Chipman* 21 Conn. 488; *Vasser v. Henderson* 40 Miss. 519; *Lounsbury v. Purdy* 18 N.Y. 515; *Holland v. Mayor etc. of Baltimore* 11 Md. 186.

*Ward & Palmer* for defendant.

CAMPBELL, J. Complainant filed her bill against defendant as owner and actual possessor of lands in Nankin, Wayne county, charging defendant with giving out and pretending some opposing claim which she could not ascertain, but which she believed to be under some pretence of levy. The bill prayed for a decree quieting the title.

Defendant filed an answer making no admissions of complainant's rights, and denying that he had given out that he had any interest, but not disclaiming any interest in fact.

It appeared on the proofs that he had undertaken to sell the land under a levy against complainant's husband, which was not made under a valid writ, and that the certificate of sale had been filed with the register of deeds. It also appeared that he had refused to release the claim. The court below decreed for the complainant.

We can see no reason for disturbing the decree. Defendant has not shown that it was filed without reason, and is not in a position to complain of the suit, because his own course made it proper. The suggestion that creditors of the husband might attack the wife's title is of no force, because no such issue is raised by the answer, and defendant has not put himself in any position to raise such a question. The testimony is not taken so as to try any such question, and it would be not only acting on a foreign controversy, but acting without any sufficient light to consider or discuss the possibilities of such a state of things.

The decree must be affirmed with costs.

The other Justices concurred.