## FRANKLIN G. COLE v. FRANK B. SHELP.

*Taxes—Sale—Conclusiveness of decree.*

Where proceedings to foreclose a tax lien under the tax law of 1889 are regular, the decree entered therein is conclusive upon a non-resident land-owner who is brought in by publication, and neither he nor his grantee can question the validity of the tax in an action of ejectment brought against the grantee in the deed issued upon a sale made under said decree.[1]

[1] For cases involving questions arising in proceedings under the tax laws of 1889 and 1891 for the sale of delinquent tax lands, see:

1. *Auditor General v. McLaulin*, 83 Mich. 352, holding that the amount authorized to be added for advertising and other expenses of sale cannot be demanded of the tax-payer until after the tax petition has been filed and published.

2. *Auditor General v. Roberts*, 83 Mich. 471, holding that it was competent for the Legislature to provide for the sale, under the tax law of 1889, of lands delinquent for taxes assessed and returned prior to that year.

3. *Auditor General v. Sloman*, 84 Mich. 118, holding that a tax petition, conforming in its statement of facts to the form prescribed by the statute, is sufficient.

4. *Auditor General v. Stiles*, 83 Mich. 460, holding:

a—That a personal decree cannot be entered against the delinquent tax-payer, whether that term applies to the owner of the land when assessed or to the owner at the time of filing the tax petition, and that no purpose can be subserved by serving a subpoena upon the former.

Error to Shiawassee. (Newton, J.) Submitted on briefs November 23, 1893. Decided December 4, 1893.

Ejectment. Defendant brings error. Reversed, and judgment entered for defendant. The facts are stated in the opinion.

*James M. Goodell,* for appellant.

*F. W. Cook,* for plaintiff.

GRANT, J. Plaintiff derives his title to the lands in suit by patent from the State of Michigan, and by mesne

---

*b*—That the owner of the land at the time the petition is filed is a proper party; that the joinder of his immediate or remote grantor cannot benefit him; that, if he has a warranty deed, he may notify such grantor to come in and defend the action, but the State is only interested in the proceedings against the land.

5. *In re Petition of Wiley,* 89 Mich. 58, holding:

*a*—That the term, "delinquent tax-payer who is a resident of this State," and upon whom provision is made for the service of a subpoena, applies to persons against whom the tax is assessed, and whose names appear upon the assessment roll.

*b*—That the publication of the petition and notice give the court jurisdiction to enter a decree for the sale of land owned by a resident of the State, but not of the county in which the land is situated, when the petition is filed, he having purchased the land after its return to the Auditor General, and his deed having been recorded before the tax petition was filed.

6. *Wiley v. Circuit Judge,* 86 Mich. 381, holding that *mandamus* will not lie to compel the circuit judge to review a decree, and allow a land-owner to answer, he alleging in his petition that the tax is illegal, and that he was not served with a subpoena, but not that the petition and list were not published.

7. *Auditor General v. Stiles,* 83 Mich. 460, holding that allegations in an answer to a tax petition, that the defendants' lands were assessed beyond their cash value, and that "said excessive assessment was fraudulent and void," are insufficient; that the specific acts which are claimed to constitute the fraud must be set forth; and it must be alleged whether the fraud was that of the supervisor or board of review.

8. *Auditor General v. Maier,* 95 Mich. 127, holding that where a contesting land-owner fails in his answer to raise the objection that two contiguous, vacant parcels should have been separately assessed, he is estopped from raising it on appeal from the decree granted in the tax proceedings.

9. *Carney v. Baldwin,* 95 Mich. 442, holding:

*a*—That the failure to have a case settled by the circuit judge on appeal is not good ground for dismissing the appeal.

*b*—That the failure to claim an appeal and file a bond within 20 days after the making and entering of a decree is good ground for dismissing the appeal.

conveyances from the patentee to him. Defendant relies upon a tax deed from the Auditor General, dated September 17, 1891, for the delinquent taxes for the year 1887. The proceedings to enforce the tax lien, which resulted in a sale of the lands and the issuance of the deed in controversy, were had under the tax law of 1889. Plaintiff's grantor, who was then the owner of the land, was not served with the subpœna, but was brought in by publication of the notice required by the statute. The proceedings to foreclose the tax lien are conceded to be regular. Plaintiff was permitted to introduce proof tending to show the invalidity of the tax assessed.

The sole question to be considered is whether the decree entered by the circuit court in chancery in the tax proceedings is conclusive, and whether a person not served with process can, in an action of ejectment, contest the validity of the tax. We think the question is ruled by *In re Petition of Wiley*, 89 Mich. 58. The provisions of the statute applicable to this case will there be found fully stated. Every owner of land is held to know the law. He knows that his land is subject to taxation; that he must pay his fair share of the public revenue; and that, if he fails to do so, proceedings will be taken under the law against his land. The statute makes the publication the equivalent of personal service. It is his duty, therefore, to watch the proceedings provided for by the statute for the foreclosure of the lien, and interpose any objections he may have to the validity of the tax. The purpose of the statute is to give every person his day in court in an equitable proceeding. He has no right to assume that he will be served with process, especially if he be a nonresident.

The decree in the chancery proceedings was therefore conclusive upon the plaintiff, and it was error to permit him to question the validity of the tax.

Judgment reversed, and entered in this Court for the defendant, with the costs of both courts.

The other Justices concurred.