MORGAN v. TWEDDLE.

1. TAXES—VALIDITY OF DECREE.

A tax decree is ineffectual, and will be vacated at the instance of a property owner, where no amounts were extended in the column of the tax record headed "Amount Decreed against Lands," as required by Act No. 206, Pub. Acts 1893, § 66, except by the county treasurer, without the authority of the court, after the record had passed from the control of the court.

2. SAME—SETTING ASIDE SALE—CONDITIONS.

As a condition to relief from an invalid tax sale, the petitioner should be required to pay the taxes, interest, and charges against the land.

Appeal from Grand Traverse; Corbett, J. Submitted January 24, 1899. Decided February 6, 1899.

Petition by Birney J. Morgan against John J. Tweddle and others to correct a tax decree, and to set aside the sale thereunder. From a decree dismissing the petition, petitioner appeals. Reversed on condition.

*Pratt & Davis*, for petitioner.

*George H. Cross*, for defendants.

MONTGOMERY, J. This is a proceeding to correct a decree in a tax proceeding which on its face decrees a sale of land belonging to petitioner. The petitioner sets up

that the decree in the tax proceeding, both at the time it
was signed and at the time when, under the law, the tax
record was turned over to the county treasurer, was in-
complete, in that, while the decree in form determined
and adjudged that the amount of taxes, interest, collec-
tion fee, and charges set down in the column headed
"Amount Decreed against Lands" was a valid charge
against the lands, there were in fact no figures whatever
entered in this column.   The evidence fully sustains this
allegation.   It appears thereupon that at no time while
the record was in the control of the register, either before
or after the decree was signed, were the figures in this
column extended, but that the same were extended by the
county treasurer not more than one week prior to the sale.
The circuit judge dismissed the petition, and petitioner
appeals.

Section 66, Act No. 206, Pub. Acts 1893, provides that
the total amount of taxes, interest, and charges, as fixed
by the court, shall be entered by the register of the court
opposite each parcel of land in the column of said record
under the heading "Amount Decreed against Lands."
The same section provides:

"At least ten days prior to the time fixed for the sale of
such lands, the court shall make a final decree in favor
of the State of Michigan for such taxes, interest, and
charges as shall be valid, and determine the total amount
thereof chargeable against each parcel of land, and shall
order and decree that such several parcels of land, or so
much of each as may be necessary to satisfy the amount
fixed by such decree, shall severally be sold as the law
directs.   Such decree shall be considered as a several de-
cree in favor of the State of Michigan against each parcel
of land for each tax included therein."

Should it be held, as contended by counsel for appellees,
that an omission to comply with these requirements is a
mere irregularity?

As to antecedent acts of taxing officers not affecting
the jurisdiction of the court to pass a decree, and when
the irregularity does not work any injury to the taxpayer.

irregularities may well be overlooked; and when the error in entering judgment is one which corrects itself, or consists of an omission to observe some provision which may be considered directory merely, the provision may be overlooked. But it cannot be suffered in tax proceedings, any more than any other court proceeding, that the duty of entering judgment shall be intrusted to strangers, or others in no way connected with the court officially. While it may not be necessary to hit the bird in the eye, we are not prepared to hold that the firing of a blank cartridge is all-sufficient. The judgment of the court should be complete in itself, and, where a judgment is entered with blanks to be supplied, it is invalid. 11 Enc. Pl. & Prac. 935; *School Directors* v. *Newman*, 47 Ill. App. 364. So, where the judgment was rendered in figures, without the word "dollars" or any dollar mark, it was held invalid. *Millard* v. *Truax*, 99 Mich. 157; *Giddings* v. *Giddings*, 70 Iowa, 486; *Easterling* v. *State*, 35 Miss. 210. In this case the record does not show, nor could it well show, that the circuit judge determined the amount to be decreed against the land. It is improbable that any oral decree or judgment was announced. The decree was signed with the amount left blank.

We do not determine what the effect of a subsequent entry by the register, under the direction of the judge, might have been. Such is not the case before us. What we do decide is that, inasmuch as the record had passed from the control of the court when these figures were entered, the decree was ineffectual, and should be vacated as to the petitioner. As a condition to relief, the petitioner should be required to pay the taxes, interest, and charges, and he will recover costs of this court against contestants.

The other Justices concurred.