FIRST BAPTIST CHURCH OF BAY CITY v. ROBERTS.

1. EQUITY PRACTICE—OPENING DECREE—AMENDMENT OF PLEADINGS—TAX SALES.

The court has power, on petition, to open a decree on a petition to set aside a tax sale, such decree not having been enrolled, and to permit an amendment of the last-mentioned petition, although the term at which the decree was entered has expired.[1]

2. TAX SALES—VALIDITY OF DECREE.

A tax sale will be set aside on petition where it is shown that the figures in the column of the tax record headed "Amount Decreed against Lands" were inserted by an employé in the office of the county treasurer, after the record had passed from the control of the court. Morgan v. Tweddle, 119 Mich. 350, followed.

Appeal from Bay; Maxwell, J. Submitted June 7, 1899. Decided July 11, 1899.

Petition by the First Baptist Church of Bay City against Clinton Roberts and George O. Crane to set aside a tax sale. Decree was entered in accordance with the prayer of the petition, after which petitioner filed a second petition, asking that the decree be opened, and the petitioner permitted to amend its original petition. This petition was granted, and an order afterwards entered affirming the former decree. Defendants appeal. Affirmed.

*J. L. Stoddard*, for petitioner.

*Black & Brown*, for defendants.

MONTGOMERY, J. This is a petition to set aside a decree entered against the petitioner for taxes assessed upon the general tax roll of 1894. From an order grant-

---

[1] Upon this point see *Hall* v. *Mann*, 118 Mich. 201, 205.

ing the relief prayed, the respondents, Roberts and Crane, appeal.

After the original petition was filed, an amendment was permitted, setting up that in the decree, when entered, was a blank, under the heading "Amount Decreed against Lands," which was subsequently filled out by an employé in the county treasurer's office; and the evidence introduced in support of the petition fully sustains the allegation, bringing the case within the case of *Morgan* v. *Tweddle*, 119 Mich. 350.

It is objected that, as the term at which the decree was entered had elapsed, an amendment to the petition could not be permitted. The decree had not been enrolled, and a bill of review was not required. We think it was within the power of the court to permit the amendment.

Inasmuch as this error avoids the decree, we need not discuss the other questions raised.

The order appealed from is affirmed.

The other Justices concurred.