HAVEN *v.* OWEN.

1. TAXATION—DECREE OF SALE—COLLATERAL ATTACK.

A decree for the sale of land for taxes, fair upon its face, cannot be impeached in a collateral proceeding (*e. g.*, an action of ejectment based upon a deed for such taxes) by showing that the figures in the tax record indicating the amount decreed against the land were inserted by an employé in the county treasurer's office after the decree had been signed by the court.

2. SAME—ORDER OF HEARING—VALIDITY.

The court may substitute a valid order fixing the time for hearing the auditor general's petition in a tax proceeding for a former void order setting the time.

Error to Ingham; Wisner, J., presiding. Submitted January 6, 1899. Decided July 11, 1899.

Ejectment by Harry J. Haven against Ellen Owen and another. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

*Harris E. Thomas* (*C. W. Nichols*, of counsel), for appellant.

*T. E. Barkworth*, for appellees.

MOORE, J. This is an action of ejectment. Plaintiff's title is a tax deed for the taxes of 1890, 1891, and 1893. Defendants were allowed to attack by parol the decree for a sale of the lands for the taxes of 1890 and 1891 by showing that in the decree, when entered, was a blank under the heading "Amount Decreed against Lands," which was, subsequent to the signing of the decree by the judge, filled out by an employé in the office of the county treasurer. If this was made to appear in the original proceeding, either by a petition to set aside the decree or by a bill of review, it would be a fatal defect. *Morgan* v. *Tweddle*, 119 Mich. 350; *First Baptist Church* v. *Roberts*, 120 Mich. 704. It is claimed, however, that in a collateral proceeding an attack by parol upon a decree fair upon its face cannot be made. This is a collateral proceeding. *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87. Counsel for the plaintiff contend for the following rule · " The records of a court of record are of such pre-eminent authority that their truth is not to be called in question. For it is a settled rule and maxim that nothing shall be averred against a record, nor shall any plea, or even proof, be admitted to the contrary. And if the existence of a record be denied, it shall be tried by nothing but itself; that is, upon bare inspection whether there be any such record or no; else there would be no end of disputes,"— citing 3 Bl. Comm. 24, 331; 9 Bac. Abr. 556; Starkie, Ev. 317; 1 Greenl. Ev. §§ 19, 538.

In *Koren* v. *Roemheld*, 7 Ill. App. 646, the court says:

"The record, when tried by itself, was complete in every particular. While a stranger to a judgment may, if injuriously affected thereby, collaterally impeach such judgment by showing that the court had no jurisdiction of the person of the defendant in such judgment or of the subject-matter, or that it was obtained by fraud and collusion between the parties to it, * * * we are of opinion that where there is jurisdiction of the person and subject-matter, and the judgment is not the result of fraud and collusion between the parties to it, and it is material only to establish the fact of such judgment and those legal

consequences which result from the fact, the record must be regarded as conclusive, even as to strangers.  *  *  * The object of these rules is to give stability and security to judgments, decrees, and sentences, when made by courts having jurisdiction of the person and subject-matter. They are, therefore, founded in, and supported by, a sound public policy, which demands of the courts an inflexible adherence to them."

See, also, Van Fleet, Coll. Attack, §§ 349, 526; *Black* v. *Ross*, 37 Mo. App. 250; *Phillips* v. *Lewis*, 109 Ind. 62; *Watts* v. *Bublitz*, 99 Mich. 586; *Scotten* v. *City of Detroit*, 106 Mich. 564; *Allured* v. *Voller*, 112 Mich. 357; *Miller* v. *Smith*, 115 Mich. 427, and the many cases there cited. We think the court erred in permitting the decree to be attacked by matter *dehors* the record.

The decree in relation to the tax of 1893 was held invalid because the chancery journal showed that on August 10, 1895, an order was made fixing the hearing of tax cases for the opening of court on the 23d day of September; that on September 17th an order was made revoking the order of August 10th, and fixing the time for hearing on the petition of the tax cases for November 4, 1895. The orders themselves are not returned with the record, nor are the petitions upon which they were based, if any such petitions were filed. It may have been made to appear to the court that the first order was a void one, and that the second order was necessary. Section 66 of the tax law of 1893 (Act No. 206, Pub. Acts 1893) contemplates that the court shall make such orders as are necessary to facilitate the proceedings. We do not think it can be said that, if an order is made that is void, the court cannot make a valid order to take the place of the void order, if the valid order is made in time, and follows the requirements of the statute.

Judgment is reversed, and new trial ordered.

The other Justices concurred.