COOK *v.* AUDITOR GENERAL.

1. TAX DEEDS—VALIDITY—MANDAMUS TO AUDITOR GENERAL—LACHES.

   *Mandamus* is a discretionary writ, and will not issue to compel the auditor general to cancel an invalid tax deed, where the relator has slept upon his rights for more than two years, in the meantime permitting third persons to acquire interests in the premises.

2. SAME—COLLATERAL ATTACK.

   A tax deed cannot be attacked collaterally (*e. g.*, by application to compel the auditor general to issue a certificate of error) on the ground that the land was held by the State under a former bid at the time of the filing of the auditor general's petition, and was therefore improperly included therein, or on the ground that unauthorized charges were included in the amount decreed against the land.

*Mandamus* by Chauncey F. Cook to compel Roscoe D. Dix, auditor general, to cancel certain tax deeds. Submitted April 3, 1900. Writ denied June 5, 1900.

*John A. McKay* (*Dan H. Ball* and *Thomas E. Barkworth*, of counsel), for relator.
*Bacon & Yerkes, amici curiæ.*

*Horace M. Oren*, Attorney General (*George W. Davis, De Vere Hall*, and *Watts S. Humphrey*, of counsel), for respondent.

LONG, J. The petition is filed in this cause for *mandamus* to compel the auditor general to issue certificates of error, and to cancel certain tax deeds theretofore issued by him. It appears that some time about the 1st of August, 1899, the relator filed a petition with the auditor general, stating that he (relator) was the owner of certain lands in the petition described; that these lands were included in the petition of the auditor general for the sale of lands delinquent for taxes assessed thereon for the year

1893; that a decree for the sale of the lands had been entered in the circuit court for Alger county, the county where the lands are situate, on November 8, 1895, with the exception of two certain descriptions therein set forth, and which were withheld from sale; that said lands, with the exception of the two descriptions as above, were sold in December following, and bid in by the State, for the delinquent taxes for the year 1893; that said lands were also returned delinquent for the taxes for the year 1894, and were included in the petition of the auditor general for the sale of lands for the taxes of that year, filed in the year 1896; that the said lands, when so included in the petition of the auditor general for the year 1894 (with the exception of the two descriptions as above), were held by the State on State bids for the taxes of 1893. Certain other objections were made to the validity of the tax proceedings. The petition also set forth that the lands were bid in or subsequently purchased from the State by S. S. Hall, William Leighton, and Benjamin W. Gubtil, each of the parties purchasing different descriptions; that the above-named parties, in making their respective purchases, did not pay all the taxes that were liens on the lands, yet that deeds were subsequently issued by the auditor general to them on such purchases; that a tender was made by the relator to the auditor general, which, it is claimed, was sufficient to cover the amount of the taxes and interest. The petitioner asked for a certificate of error as against the deeds issued to Hall, Leighton, and Gubtil. The auditor general refused to comply with the demands of the petitioner. An order to show cause was issued, and the auditor general returns that the deeds were issued to the parties who became purchasers of the lands under the tax proceedings. Answers were also filed by Hall, Leighton, and others, who had become interested in the lands or in the products therefrom.

It is the contention of the relator:

1. That the decrees authorizing such sales were prematurely entered.

2. That all taxes which were a lien and a charge upon

the lands were not paid by the purchasers at the time when the tax titles were acquired.

3. That the lands were included in the petition of the auditor general in the year 1896, for the taxes of 1894, while held by the State on State bids for the taxes of 1893, made at the sale in 1895.

4. That there was included in the amounts charged against the lands 70 cents on each description for expenses, which charge is alleged to be without authority of law and unconstitutional.

5. That a part of said charge of 70 cents against each description is a charge of 40 cents for advertising such description, which said charge of 40 cents is alleged to be without authority of law and unconstitutional.

In *Cook* v. *Hall*, 123 Mich. 378 (82 N. W. 59), the action of the circuit judge in dismissing the petitions of relator was affirmed. That case involved all of the issues presented by the present petition, and was decided upon grounds which we think must be held conclusive here. The lands in the present case are the identical lands mentioned in that case, and the facts therein stated are identical with the facts here. The sales here attacked were there attacked; that is, the sales for the taxes of 1893 and 1894. The reasons for sustaining the decision of the lower court in dismissing those petitions are fully set out in the opinion in *Cook* v. *Hall*, and such reasons lead to the conclusion that the writ of *mandamus* should not be issued to compel the auditor general to issue the certificates of error asked for in the present case.

The third, fourth, and fifth reasons stated by relator as grounds for his prayer for *mandamus* all relate to matters that are foreclosed by the decree, and which could only be raised in a direct proceeding in the case. They are therefore not subject to review by the auditor general.

The first and second objections were disposed of by the opinion in *Cook* v. *Hall*, *supra*. The issuing of a writ of *mandamus* is a matter of discretion, and the same circumstances which led us to refuse to entertain the relator's petitions in the original tax proceedings must prevail here.

The writ must be denied.

The other Justices concurred.