## NEWTON *v.* AUDITOR GENERAL.

1. TAX SALE—DECREE—AMOUNT—VALIDITY—APPEAL.
    The provision of section 66 of the general tax law (1 Comp. Laws, § 3889), requiring the amount decreed against the several parcels of land in a proceeding by the auditor general to be entered in the column of the tax record so entitled, does not apply to a decree made by the Supreme Court on appeal, but if the amount is clearly ascertainable from the decree, taken in connection with the tax record, to which it refers, a sale thereunder is valid.

2. SAME—REFUNDING—RES JUDICATA—PARTIES.
    An order declaring a tax deed void on application by the holder

thereof for a writ of assistance is not conclusive as to the right of such holder to have the amount paid by him refunded by the auditor general under section 73 of the tax law, the auditor not having been a party to such proceeding.

*Mandamus* by Isaac P. Newton to compel Perry F. Powers, auditor general, to refund the amount paid on the purchase of certain State tax lands. Submitted October 7, 1902. (Calendar No. 19,410.) Writ denied October 28, 1902.

The circuit court for the county of Muskegon held certain assessments for taxes to be void, and dismissed the auditor general's petition. The case was appealed to this court, and the decree of the court below reversed. *Auditor General* v. *Hutchinson*, 113 Mich. 245 (71 N. W. 514). The original tax record stated the amount of the several taxes under the appropriate headings, and under heading No. 13, entitled "Aggregate," was stated the total amount of the taxes. Column No. 14, headed "Amount Decreed against Lands," contained no amount, and none could be there entered until the decree ordering a sale was made, and no such decree was made by the court below. This court affirmed the validity of the taxes, and entered a decree "for the amount of taxes, interest, collection fee, and charges set down opposite the respective parcels, together with interest thereon from the 7th day of December, 1896, to date of sale, at 8 per cent. per annum." Pursuant to this decree the auditor general prepared a supplemental tax record for the annual sale to be held on May 3, 1898, identical with the original, except that under the heading "14A," headed "Interest December 7, 1896, to May 3, 1898," was inserted the amount of interest, and under heading "14B," "Amount as Decreed by Supreme Court," was entered the total amount due at time of sale. The lands were duly sold, bid in by the State, and some of them subsequently sold to the relator. Notice was given by him as provided by statute to the original owner to pay the taxes within the time specified

therein, or the decree would be conclusive upon him.   He refused to pay.   In due time relator applied to the circuit court for the county of Muskegon for a writ of assistance, which that court denied, holding the decree of this court to be void because the amounts specified in the supplemental tax record, "14A" and "14B," were not contained in the decree of the court.   The relator then applied to the respondent to have the amount of the taxes he had paid refunded.   The respondent refused.   The relator thereupon filed a petition in this court for the writ of *mandamus* to compel such action on the part of the respondent.

*Dan T. Chamberlain*, for relator.

*Horace M. Oren*, Attorney General (*Charles W. Mc-Gill*, of counsel), for respondent.

GRANT, J. (*after stating the facts*).   1. The sale was made pursuant to the decree of this court, which was definite as to dates and amounts.   The items and the amount of the taxes were specifically stated and entered in the tax record, which was held valid.   All that remained for the officer to do in making the sale was to add interest upon the "Aggregate," which appeared under the heading "13."   The order of the circuit court is a virtual annulment of the decree of this court.   The objection made against the sale is purely technical, and has no merit.   The circuit court should have issued the writ of assistance.   *Morgan* v. *Tweddle*, 119 Mich. 350 (78 N. W. 121), and *First Baptist Church of Bay City* v. *Roberts*, 120 Mich. 704 (79 N. W. 910), do not apply.   Those cases involve that provision of section 66 of the general tax law (1 Comp. Laws, § 3889) which requires the register of the circuit court to enter opposite each parcel of land, under the heading "Amount Decreed against Lands," the total amount of the taxes held to be valid.   That provision does not apply to sales under decrees in this court.

2. It is urged that the order of the court in denying the writ of assistance and holding the sale void is reviewable

only upon appeal. That may be the rule as between the relator and the original owner of the land, who were the sole parties to the writ of assistance, but it does not apply to the auditor general. He was not made a party to it, and is entitled to his day in court, which he did not have until the relator commenced these proceedings. The relator was the only one adversely affected by the order denying the writ. He alone had the power to appeal, but chose to rest content with the order. If he desired to bind the auditor general by that proceeding, he should have made him a party.

The writ is denied, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.