FLINT LAND CO. *v.* GODKIN.

1. EQUITY PLEADING—QUIETING TITLE—DEMURRER.

A bill to quiet title by a claimant under a tax deed will not be dismissed on the ground that it fails to show that defendant is asserting a hostile claim, where it alleges that he has refused to sign a disclaimer, and the question is raised under a demurrer clause in an answer which points out no defect in the bill, but attacks the validity of complainant's title.

2. TAX DEEDS—COLLATERAL ATTACK—ASSESSMENT.

In a suit by a claimant under a tax deed to quiet his title, the tax decree cannot be attacked on the ground that the assessment failed to except a railroad right of way across the land.

3. SAME—NOTICE TO REDEEM.

Nor is it any defense that the statutory notice to redeem, served upon the owner, did not except such right of way.

4. SAME—RESALE.

Nor can defendant in such suit complain because a prior sale to the State was set aside by the auditor general without authority, and the land included in subsequent proceedings.

Appeal from Iosco; Connine, J. Submitted April 8, 1904. (Docket No. 27.) Decided June 7, 1904.

Bill by the Flint Land Company, Limited, against John Godkin and Samuel Anker, to quiet title. From a decree for complainant, defendant Godkin appeals. Affirmed.

*McFarlan & Wilson*, for complainant.

*Fatio Colt*, for appellant.

HOOKER, J. Complainant had tax deeds upon several parcels of land, viz.: On lot 3 for the taxes for the years 1897 and 1898, on lot 4 for 1898, on lots 5 and 6 for 1897 and 1898. Lots 3 and 4 had also been sold to the State for the taxes of 1891, 1892, and 1893, and the complainant acquired this title from the State. Defendant Anker had

an old tax title upon the premises. John Godkin acquired the original title to the land in March, 1891. He did not redeem from these taxes after receiving the statutory notice of the complainant's purchase, and, after the expiration of the requisite period of six months, the complainant filed the bill in this cause to remove the cloud of defendants' deeds, which were of record, and quiet its title, after vainly trying to obtain disclaimers from the defendants. The defendant Godkin answered, and claimed the benefit of a demurrer, and proofs were taken. The bill was taken as confessed as to Anker. No question has been raised in relation to him. Defendant Godkin has appealed from a decree in behalf of the complainant.

These lots were crossed by a railroad, which owned and had fenced a right of way 100 feet wide. Otherwise the lands were vacant. They were assessed without making an exception of the right of way aforesaid.

The questions argued by appellant's counsel are that:

(1) The bill does not allege that defendant Godkin sets up a claim in opposition to complainant's title.

(2) The assessment, not excluding the railroad right of way, was void for each year.

(3) The notices served were void, because the right of way of the railroad was not excluded from the descriptions referred to therein.

(4) The sale for the years 1891, 1892, and 1893 was void, for the reason that the auditor general had no authority to cancel the first sale to the State and sell the same again.

1. *The Demurrer.* The bill is said to be demurrable for the reason that it fails to show that defendant Godkin is setting up a claim in opposition to the complainant's title. The bill alleges that the defendants refused to sign a disclaimer, and Godkin, instead of filing a demurrer to the bill, which, under Chancery Rule 9, must have set up the defects in the bill, contented himself with praying the benefit of a demurrer, without indicating any defect in the bill, in an answer which denies the complainant's title, and prays that he (Godkin) be allowed to redeem. Un-

der these circumstances, he should not be entitled to a dismissal of the bill upon this ground. See *Blodgett* v. *Dwight*, 38 Mich. 596; *Woodworth* v. *Gorton*, 46 Mich. 324 (9 N. W. 434); *Cleland* v. *Casgrain*, 92 Mich. 150 (52 N. W. 460).

2. *Erroneous Assessment.* It is undisputed that the assessments of the land should have excepted the right of way of the railroad company. Assuming, but not deciding, that this is so, the question arises here collaterally. These lands were sold upon a decree wherein it was judicially determined that they were subject to sale for a valid tax, the amount of which was therein ascertained and adjudged to be a valid lien. We have frequently said that such sales cannot be set aside upon proof of irregularities in assessments and other proceedings. *Cole* v. *Shelp*, 98 Mich. 56 (56 N. W. 1052); *Kneeland* v. *Wood*, 117 Mich. 174 (75 N. W. 461); *Muirhead* v. *Sands*, 111 Mich. 487 (69 N. W. 826); *Peninsular Sav. Bank* v. *Ward*, 118 Mich. 93 (76 N. W. 161, 79 N. W. 911); *Haven* v. *Owen*, 121 Mich. 51 (79 N. W. 938, 80 Am. St. Rep. 477); *Cook* v. *Auditor General*, 124 Mich. 430 (83 N. W. 96).

3. Was the notice served sufficient? In the statutory notice served, the right of way was not excepted. It is now said that this was not a proper notice. The notice was that the complainant had purchased all of the premises for an adjudged tax, and that, unless redeemed within six months, its title would become absolute. If redeemed, the law would have required a deed from it of all. We are of the opinion that the defendant has no cause of complaint in regard to the notice.

4. *Sale for taxes of 1891, 1892, and 1893.* It is said that the auditor general had no authority to set aside the decrees for 1891, 1892, and 1893, and that the subsequent decree and sale for these taxes are void. If this is true, the original sales to the State are not affected. In either case the complainant has the equitable, if not the legal,

title of the State, and, at all events, there is nothing shown of which defendant can complain.

The decree is affirmed, with costs.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred.   GRANT, J., did not sit.