### HARDING *v.* AUDITOR GENERAL.

1. TAXATION—SALES—DEEDS—MISDESCRIPTION—CORRECTION.

   Where the record of a tax sale shows a valid sale of an undivided four-twelfths interest in a tract of land, an error in the deed issued to the purchaser in describing the tract conveyed as an undivided four-twelfths of an undivided eleven-twelfths does not vitiate the sale, but the deed may and should be corrected by the auditor general.

2. SAME—DUTY OF PURCHASER—PAYMENT OF TAXES—INVALIDITY OF SALE—RECOVERY.

   It being the duty of a purchaser at a tax sale to pay the unpaid taxes for prior years and taxes subsequently levied on the property, the fact that the sales for certain of the years covered by a purchaser's deed are invalid does not entitle him to a return of the amounts paid for those years where the sale for one year was valid.

Mandamus by Vine Harding and others to compel James B. Bradley, auditor general, to refund the purchase money on void tax sales. Submitted June 6, 1905. (Calendar No. 21,067.) Writ denied June 29, 1905.

*Wilkes & Stone,* for relators.

*John E. Bird,* Attorney General (*Charles W. McGill,* of counsel), for respondent.

MOORE, C. J. The relators are the sole legatees of Josiah E. Harding, who in his lifetime purchased from the State certain lands for the taxes of 1891, 1892, 1894, and 1895. Later ejectment was brought to recover possession of the lands. A judgment in the ejectment case was rendered in favor of the defendant therein. Application was then made to the auditor general to have the amount paid for these lands refunded. He denied the application. A writ of mandamus is asked to compel him to grant it.

The relators claim that, as the deeds were declared invalid in the ejectment suit, they are entitled to have their money returned under the provisions of section 3896, 1 Comp. Laws, citing *Newton* v. *Auditor General*, 131 Mich. 547; *Gurd* v. *Auditor General*, 122 Mich. 152. The auditor general admits that relators would be entitled to be paid back the amount paid for the taxes of 1891, 1894, and 1895 if these were the only taxes involved, but insists that because of the proceedings in relation to the tax of 1892 none of them should be refunded. In relation to the tax of 1892 the circuit judge in the trial of the ejectment suit found:

"I find plaintiffs' tax deeds for the year 1892 void because the deed purports to convey an undivided four-twelfths of an undivided eleven-twelfths. An undivided one-twelfth of the tract was not returned delinquent for any taxes. An undivided eleven-twelfths was sold, and the defendant's grantor, Annie M. Miller, properly redeemed from said sale an undivided seven-twelfths of the entire tract. The auditor general therefore had no right, authority, or jurisdiction to deed more than an undivided four-twelfths of the property. He had undertaken to deed an undivided four-twelfths of an undivided eleven-twelfths, thereby purporting to convey an apparent interest in the four-twelfths of the seven-twelfths which had been redeemed."

In his answer the auditor general says of this tax:

"The circuit judge did not find any invalidity in the sale made to Josiah E. Harding for taxes of 1892, and, although the deed issued by the auditor general was in error in reciting that it was for an undivided four-twelfths of an undivided eleven-twelfths of the property, the sale itself at the county treasurer's office at the regular county treasurer's sale was of an undivided four-twelfths of the property, seven-twelfths having been paid before sale, leaving the sale absolutely good as to an undivided four-twelfths of the property in question. The sale for taxes in Emmet county in 1892 is an unattacked sale. The sale of the undivided four-twelfths of the property to Josiah E. Harding is good, and the deed erroneously issued does not convey title, but the sale itself must

be depended upon to determine whether or not the title rested in Harding by virtue thereof."

Attached to this answer and made a part thereof is Exhibit A., showing copy of the tax record covering the land in question. This record shows the description, "Undivided eleven-twelfths of private claim 335," etc., and in column 15 the interest sold which was "four-twelfths entire," and in column 20 sale to "Josiah E. Harding." The record shows a sale of an undivided four-twelfths interest in the entire tract to Josiah E. Harding, and the sale must be taken as the best evidence of the Harding title, but, if the deed was in error—and it is admitted to have been an error in deeding an undivided four-twelfths of an undivided eleven-twelfths—such deed should be corrected. The deed is wrong, and not the sale. The undivided four-twelfths of description was purchased at a time when such purchase gave absolute title to the lands purchased, and by the purchase for taxes of 1892 Harding became the owner of the land after the period of redemption expired. The ejectment proceedings do not determine an invalidity of the taxes in any case, and, although the sales except for taxes of 1892 are held valid, the taxes themselves are good, and Harding must be held to a responsibility for payment of the taxes by reason of his ownership under his purchase of the undivided four-twelfths for taxes of 1892.

The attorney general, in his brief, contends that the sale for the taxes for 1892 was a valid one, as shown by the record, and that the deed issued to Mr. Harding which contained an incorrect description of what he had purchased, is subject to correction; that the auditor general is ready to correct it; and that the sale is not invalid. We think this position is sustained by *Kneeland* v. *Hull*, 116 Mich. 55, and that the deed should be corrected so as to contain a proper description of what was sold to Mr. Harding. When Mr. Harding became a purchaser for the taxes of 1892, it became his duty to pay the tax of

1891, and any taxes subsequently levied thereon. The auditor general should make the correction indicated.

The writ is denied, without costs to either party.

CARPENTER, MCALVAY, GRANT, and BLAIR, JJ., concurred.