CARPENTER *v.* AUDITOR GENERAL.

1. APPEAL AND ERROR—DECISIONS REVIEWABLE—FINALITY.
  An order striking a bill from the files is a final determination of the right of the complainant to pursue her remedy against the movant, and is appealable.

2. SAME—REVIEW—FAILURE TO APPEAL—ACQUIESCENCE.
  The failure to appeal from a decision sustaining a demurrer to a bill is an acquiescence therein.

3. JUDGMENT—CHANCERY DECREE—TAX SALES—COLLATERAL ATTACK.
  Chancery decrees under which lands were sold for taxes cannot be collaterally attacked.

4. EQUITY—BILL—MOTION TO STRIKE—PROPRIETY.
  A bill, the main purpose of which is to set aside chancery decrees under which complainant's lands were sold for taxes, but which does not state a case for relief on either of the grounds provided by section 70 of the general tax law, is subject to a motion to strike from the files.

5. SAME—OPERATION AND EFFECT.
  Where some of the defendants have answered a bill and others have been defaulted, the striking of the bill from the files on motion of another defendant in his own behalf does not affect the defendants who had answered, or who had been defaulted and the suit remains in the trial court for such action as it may deem proper.

Appeal from Osceola; McAlvay, J. Submitted February 16, 1906. (Docket No. 180.) Decided May 24, 1906.

Bill by Lillias L. Carpenter against Perry F. Powers, auditor general, and others, to set aside sales of land delinquent for taxes: On motion of defendant auditor general to dismiss the bill. From an order granting the motion, complainant appeals. Affirmed.

On August 3, 1903, the complainant, the owner of the original title to the lands described, filed her bill of com-

plaint against the auditor general, State treasurer, and ten other parties. The bill covering 18 pages of type-writing was not paragraphed as required by Chancery Rule No. 1. The defendants, the auditor general and State treasurer, moved to strike the bill of complaint from the files for that reason. Before the day fixed for hearing the motion complainant divided her bill into 39 para-graphs, with a prayer containing 12 paragraphs. The defendants, auditor general and State treasurer, then de-murred mainly upon the following grounds:

1. That the bill was multifarious, setting forth several separate and distinct causes of action.

2. That the defendant State treasurer was not re-sponsible for the alleged illegal action of one of his em-ployés in purchasing tax titles on the complainant's land.

3. That the invalidity of the various assessments men-tioned in the amended bill, and all questions pertaining thereto, were foreclosed by the decree of the court in the regular proceedings to enforce tax liens, and can only be inquired into by a petition in those proceedings.

4. That the several allegations were so vague, indefinite, uncertain, argumentative, and conflicting, and without any substantial and material basis therefor, that the de-fendants were unable to specifically make answer thereto.

5. That the complainant has been guilty of laches in making no effort to see that the several assessments were proper, and has made no attempt to pay the taxes.

6. That she has a complete and adequate remedy under Act No. 229, Pub. Acts 1897.

The defendants Savidge, Brambery, Rathbun, and Myers demurred for the same reasons. The demurrers were sustained by an order of the court, entered March 7, 1904, and the complainant given 20 days' in which to amend her bill of complaint. On May 19, 1904, an amend-ed bill was filed to which defendants Brambery, Savidge, Rathbun, and Myers made answer. On June 1, 1904, the defendant the auditor general moved to strike the last-amended bill of complaint from the files for the reason that it did not avoid defects and imperfections alleged, and sustained as ground of demurrer to the first amended

bill, except that the State treasurer was not made a party. This motion was granted, and from the order striking said bill of complaint from the files the complainant has appealed.

*Eugene Carpenter*, for complainant.

*John E. Bird*, Attorney General (*Charles W. Mc-Gill*, of counsel), for defendant Auditor General.

GRANT, J. (*after stating the facts*).    The order striking the bill from the files was a final determination of the right of the complainant to pursue her remedy against the auditor general, and was, therefore, a final order from which an appeal will lie.    *Webster* v. *Hitchcock*, 11 Mich. 56.

The decision of the court in sustaining the demurrer is not before us.    Complainant, not having appealed from that decision, has acquiesced therein.    Her amended bill, except in one point, viz., in eliminating the State treasurer therefrom, does not remedy the other defects for which the demurrer was sustained.    We may say that one of the main purposes of the bill is to set aside the decrees of the court in chancery under which the complainant's lands were sold.    This cannot be done by collateral attack. *Cook* v. *Auditor General*, 124 Mich. 430; *Monroe* v. *Winegar*, 128 Mich. 309.

The bill is not one for leave to file a bill of review or a petition to open the decree for the correction of errors. Neither does the complainant bring herself within section 70 of the general tax law (1 Comp. Laws, § 3893), which provides that no sale shall be set aside after confirmation, except where the taxes were paid or the property was exempt from taxation.    Neither is any want of jurisdiction alleged in the court wherein the decree was made.    *Berkey* v. *Burchard*, 119 Mich. 101.    It follows that the amended bill of complaint was properly stricken from the files as to the auditor general.

As to the other defendants who have answered, or who

have been defaulted, the suit remains in the court below for such action as the circuit court may deem proper. The auditor general was the only party making the motion to strike from the files, and is the only party affected by the granting of the motion.

Decree affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.