HENRY H. APLIN, AUDITOR GENERAL, v. ADOLPH SLOMAN.

*Constitutional law—Taxes—Law of 1889—Petition of Auditor General.*

1. The tax law of 1889 (Act No. 195) is held to be constitutional.
2. A petition for the sale of delinquent tax lands, conforming in its statement of facts to the form prescribed by section 52 of the tax law of 1889, is sufficient.

Appeal from Wayne. (Reilly, J.) Argued November 12, 1890. Decided December 24, 1890.

Petition for sale of lands delinquent for taxes, under Act No. 195, Laws of 1889. Defendant appeals. Affirmed. The facts are stated in the opinion.

*B. W. Huston,* Attorney General, and *Henry M. Duffield,* for petitioner.

*Sloman, Berry & Duffie (Hamilton G. Howard,* of counsel), for defendant.

CAHILL, J. The Auditor General filed a petition in the Wayne circuit court, under the tax law of 1889, to enforce the lien for State and county taxes of 1887 upon

respondent's land. Respondent demurred to the petition upon the following grounds:

"1. That the tax law of 1889, under which said petition is filed, is unconstitutional and void, for the following reasons:

"*a*—It provides for advertising a sale of lands for unpaid taxes before obtaining a decree therefor.

"*b*—It cuts off the common-law right of trial by jury, which existed in such cases when the Constitution of 1850 was adopted.

"*c*—It makes the decision of the circuit judge, as to the exclusion or admission of evidence, final, thus cutting off the right to appeal, except as the circuit judge may choose to permit.

"*d*—It deprives a person of his property without due process of law.

"*e*—It deprives him of his day in court.

"*f*—The act undertakes to make the proceedings in the circuit court in chancery administrative instead of judicial.

"*g*—In that it attempts to subvert the powers of the court in chancery by taking from it its judicial power, and conferring upon it simply administrative privileges.

"2. Because said petition does not show the jurisdictional fact that no sale of the lands described therein for non-payment of taxes has been made, as is contemplated by section 71 of the tax law of 1889."

Upon a hearing before Hon. Cornelius J. Reilly, circuit judge, the demurrer was overruled, and a decree entered against the land for the amount of the taxes, interest, and charges shown in the tax record to be due.

It is objected to this decree that upon the overruling of the demurrer the decree was entered without allowing the respondent to answer the petition on file by filing objections to the validity of the tax. The statute contemplates that all objections to the proceedings taken by the Auditor General for the enforcement of this lien shall be taken under section 53, and, whether such objections go to the validity of the law or of the proceedings taken under it, they must be made and filed in writing on or before the day fixed for the hearing of the petition, and no objections not so stated and filed can be allowed. If

respondent had any objection to the validity of the taxes based on other grounds than such as were stated in his demurrer, they should have been made and filed under this section. The statute does not contemplate any merely dilatory pleading, and a resort to such practice would greatly impede the collection of the public revenues.

Counsel for defendant have refrained from discussing at length the constitutional questions raised by the demurrer, giving as a sufficient reason therefor that all of them have been so recently and so fully considered by this Court in the *State Tax-Law Cases,* reported in 54 Mich. 350, that it would be difficult to throw any additional light upon the questions involved. I am in accord with the views expressed by COOLEY, C. J., in his very learned opinions in those cases, and should not be able to add anything to their weight by an extended discussion. I hold the law to be constitutional.

The last point made by defendant, that the petition does not state the fact, claimed to be jurisdictional, that a sale of the lands described therein has not been made, is without force. The form of the petition, so far as the facts necessary to be stated is concerned, is prescribed by section 52 of the act, and the petition in this case contains all the statutory requirements.

The decree below is affirmed, with costs.

CHAMPLIN, C. J., concurred with CAHILL, J. MORSE, LONG, and GRANT, JJ., concurred in the result.