ALFRED L. MILLARD v. JEROME TRUAX, AND GEORGE W.
STONE, AUDITOR GENERAL.

*Taxes—Sale—Decree—Tax record—Figures without dollar mark—
Report of sale.*

1. It is a fatal objection to the legality of a sale of lands for taxes
under the tax law. of 1889 that the items of taxes, interest,
collection fee, charges, expenses, amount decreed against lands,
and amounts lands sold for are entered in figures on the tax
record, without dollar marks, or any words or signs to indi-
cate what the figures mean, except that a line appears to the
left of the last two figures in said entries.[1]

---

[1] For cases involving questions arising in proceedings under the
tax law of 1889 for the sale of delinquent tax lands, see:

1. *Cole v. Shelp*, 98 Mich. 56, and note, in which the previous
decisions are collated and the points decided stated.

2. *Watts v. Bublitz*, — Mich. —— (58 N. W. Rep. 465), holding:

a—That, in an action of ejectment involving the validity of a
deed issued by the Auditor General on a sale of land for the taxes
of 1887, the tax roll and return of the township treasurer are not
admissible for the purpose of showing the invalidity of the tax;
citing *Cole v. Shelp*, 98 Mich. 56.

b—That the fact that neither the notice nor the affidavit of pub-
lication shows affirmatively that the Auditor General designated
the paper in which the tax petition was published as the paper in
which it should be published cannot be urged as an objection to
the jurisdiction of the court; as the statute does not require that
any statement of such designation shall appear in said notice or
affidavit, and where the tax petition is signed by the Auditor
General it will be presumed that he authorized the publication in
the paper in which it appeared.

c—That if the proceedings to foreclose the tax liens show upon
their face want of jurisdiction, the deeds issued thereunder are
void; citing *Millard v. Truax*, 99 Mich. 157.

3. *Fowler v. Campbell*, — Mich. —— (59 N. W. Rep. 185), hold-
ing:

a—That section 54 of the tax law of 1889, which provides that
the publication of a copy of the tax petition, with notice of hear-
ing and decree, shall be equivalent to a personal service of notice
on all persons not personally served who are interested in the
lands specified in the petition, of the filing thereof, and of all
proceedings thereon, and of the sale of the lands under the decree,
and shall give the court jurisdiction to hear such petition, deter-
mine all questions arising thereon, and to decree a sale of such
lands for the payment of all taxes, interest, and charges thereon,
relates to persons not personally served in accordance with section
53 of the act, which provides for the service of subpœna upon
each delinquent tax-payer who is a resident of the State, if found

99　157
99　589

99　　157
104　　37

99　157
111　494

99　157
114　　10

99　157
116　289

99　157
119　352

99　157
120　700

99　157
f121　207

99　157
f123　547

99　157
124　175

99　157
128　278

2. The failure of the county treasurer to make and file a report of sale of lands for taxes, as required by the tax law of 1889, or in any way to verify the fact and date of such sale upon the tax record, invalidates the sale.

Appeal from Ingham.    (Person, J.)    Argued October 31, 1893.    Decided February 27, 1894.

Bill to remove cloud from title.    Defendants appeal. Decree affirmed.    The facts are stated in the opinion.

---

therein, and that, when personal service is had, further proceedings shall be taken, as far as consistent with the provisions of the act, in the same manner as in circuit courts in chancery, and, if such service cannot be made, the return of the officer shall so state, together with the reason therefor.

b—That, under this statute, it becomes important that supervisors shall observe the statutory provisions requiring real property to be assessed to the owner, if known, and, if not known, then to the occupant, if any, and, if there be no occupant, then as unknown, and making it the duty of each supervisor, as soon as practicable after entering upon the duties of his office, to ascertain the taxable property of his township, and the persons to whom it should be assessed, and their residence.

c—That a supervisor who assesses land to the estate of a deceased person, after administration and the discharge of the executors, instead of to the devisees, whose names are easily ascertainable by a reference to the records of the probate court, and who are the owners of the land, not only neglects a plain duty, but fails to assess the property in the way contemplated by the statute.

4. *Taylor v. Deveaux*, — Mich. ——; 59 N. W. Rep. 250 (decided June 2, 1894), holding:

a—That the service of subpoena upon the husband, to whom land owned by his wife, and upon which they both resided, was assessed for the year 1887, gave the court no jurisdiction, and a deed issued on a sale of the land for the taxes levied under said assessment is void as against the wife.

b—That the Legislature has attempted to have questions in regard to the validity of taxes settled before sale, by an adjudication in a judicial proceeding, and that the first requisite is jurisdiction of the person to be bound by the decree.

c—That section 67 of the tax law of 1889 (3 How. Stat. § 1170g6), which provides that the deeds issued by the Auditor General "shall convey an absolute title to the land sold, and be conclusive evidence of title in fee in the grantee, subject, however, to all taxes assessed and levied on such land subsequent to the taxes for which the same was bid off, and the deed shall so state," of necessity determines the nature of the title conveyed by a valid sale and deed, and that it is not within the power of the Legislature to deny the right to defend title against a tax deed.

For a review of certain provisions of the tax laws of 1881, 1882, 1885, and 1887, with references to cases construing the same, see note to *Ball v. Busch*, 64 Mich. 336.

*A. L. Millard* (*C. A. Kent,* of counsel), for complainant.

*S. P. Hutchinson* (*Thompson, Harriman & Thompson,* of counsel), for defendant Truax.

*A. A. Ellis,* Attorney General, for defendant Auditor General.

McGRATH, C. J. This is a bill to remove a cloud upon complainant's title, occasioned by a sale of his land for taxes under the law of 1889.[1]

The law provides that the petition filed by the Auditor General shall be in a record book, which shall contain a description of the land and the taxes thereupon in appropriate columns; that such record shall be ruled with columns for the description, the amount of taxes, the interest, charges, etc., and that it shall also contain blank columns for other specified entries, to be made at the time of the decree and upon sale. It is not contemplated by the act that either petition or decree shall contain any description of the land or statement of the amount decreed to be due, but that both decree and petition shall refer to the record book, which is denominated the "Tax Record." The amount found to be due is to be entered in the tax record by the register of the court, and the amount for which the land is sold, the interest in the land sold, and the name of the purchaser, with his address, etc., are to be entered therein by the county treasurer upon sale. The decree is to be entered of record in the court, and a certified copy is to be annexed to the tax record. After entry of the decree, the entire tax record goes to the county treasurer, and remains in his office. After the sale, the treasurer is required to make and file with the clerk of the court a report of the sale, and the sale stands confirmed unless objections are made within eight days after the time limited for filing such report. As soon as sales

---

[1] The sale was for taxes of 1887.

are confirmed, the treasurer reports the same to the Auditor General.

Two objections are made, which, we think, are fatal to the sale:

1. The items of State taxes, county taxes, interest, collection fee, charges, expenses, amount decreed against lands, and amounts sold for, are in figures, without dollar marks, or any words or signs to indicate what the figures mean, except that a line appears upon the blanks to the left of the last two figures.

2. The county treasurer made no report of the sale. The only record of such sale is what is contained in the tax record.

It is well settled that a judgment is void which is given in figures merely, with neither words nor signs to indicate that money is intended, or, if it is, what denomination of money the figures stand for. Cooley, Tax'n (2d ed.), 529, and cases cited.

Conceding that the tax record filed with the county treasurer may be treated as a part of the decree, and that it may be referred to in support of the proceedings subsequent to the decree, such record contains no certificate of the county treasurer, nor does his signature appear therein. The statute contemplates that the fact and date of sale shall be verified by the report of the county treasurer. This record is barren of any such authentication. The non-performance of this act invalidates the sale. Blackw. Tax Titles, §§ 641, 653.

The decree below is therefore affirmed, with costs to complainant.

LONG, GRANT, and MONTGOMERY, JJ., concurred with McGRATH, C. J. HOOKER, J., concurred in the result.