JOHN W. WATTS v. FRANK BUBLITZ.

*Taxes—Validity of deed—Collateral attack—Jurisdiction.*

1. In an action of ejectment involving the validity of a deed issued by the Auditor General on a sale of land for the taxes of 1887, the tax roll and return of the township treasurer are not admissible for the purpose of showing the invalidity of the tax.

2. The fact that neither the notice nor the affidavit of publication shows affirmatively that the Auditor General designated the paper in which the tax petition was published as the paper in which it should be published cannot be urged as an objection to the jurisdiction of the court, as the statute does not require that any statement of such designation shall appear in said notice or affidavit; and when the tax petition is signed by the Auditor General, it will be presumed that he authorized the publication in the paper in which it appeared.

3. If the proceedings to foreclose the tax liens show upon their face want of jurisdiction, the deeds issued thereunder are void; but the jurisdiction cannot be attacked by evidence *de hors* the record.[1]

Error to Bay. (Cobb, J.) Submitted on briefs March 7, 1894. Decided April 6, 1894.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Barkworth & Blair,* for appellant.

*Shepard & Lyon,* for defendant.

GRANT, J. This is an action of ejectment. Plaintiff made his case by showing the patent from the government and the mesne conveyances to himself, and rested. Defendant introduced and relied upon his deed from the Auditor General for the taxes of 1887, and rested. Plaintiff then offered in evidence the tax roll and return of the township of Merritt, for the purpose of showing the invalidity of the tax. This, on objection, was excluded by the court. The ruling was correct, and is within the rule of *Cole v. Shelp,* 98 Mich. 56.

Plaintiff then offered in evidence the files in the matter of the petition of the Auditor General against certain lands in Bay county, under which the sale was made. The record then contains the following:

[1] For cases involving questions arising in proceedings under the tax law of 1889 for the sale of delinquent tax lands, see *Millard v. Truax,* 99 Mich. 157, and note.

"*Mr. Barkworth:* I now offer the notice of publication of petition. (Objected to as incompetent and immaterial. Objection sustained, and exception taken.)

"*Mr. Barkworth:* I propose to show by it that no affidavit of publication in any newspaper selected by the Auditor General was before the court at the time it assumed jurisdiction and went on to decree.

"*Mr. Lyon:* We say that there is an affidavit; that it was published in a paper—in the Bay City Daily Tribune—the length of time that the law required; and, if that was not the paper designated by the Auditor General to publish it in, it belonged for them to show it.

"*The Court:* You do not contend that it affirmatively appears that that paper was not the paper?

"*Mr. Barkworth:* No, sir; but I say that it does not affirmatively appear that it was. (Objection sustained and exception taken.)

"*Mr. Barkworth:* I offer it also for the purpose of showing that this was published in a supplement of the Bay City Tribune, and not in the newspaper itself; and I propose to follow that up by proofs tending to show that the supplement was not always distributed with the newspaper, and was not a part of the newspaper itself. (Objection sustained and exception taken.)"

It appears that the plaintiff did not claim that the paper was not in fact designated by the Auditor General, but relied for the purpose of showing lack of jurisdiction upon the fact that such designation does not appear in the notice of publication of the petition for the foreclosure of the tax liens, and also that the petition was published in a supplement of the newspaper, and not in the paper itself; stating that he would offer evidence tending to show that the supplement was not always distributed with the newspaper, and that it was not a part of the newspaper itself. It thus appears clearly that plaintiff offered to attack the jurisdiction of the court by evidence *de hors* the record. This cannot be done in a collateral suit. In the cases of *King v. Harrington,* 14 Mich. 532; *Nugent v. Nugent,* 70 Id. 52; and *Streeter v. McMillan,* 74 Id. 123, the lack of jurisdiction appeared upon the face of the

records relied upon. In those cases the judgments were therefore null and void upon the face of the record, and could not be made the basis of sales, or any other proceedings thereunder. The plaintiff did not propose to contest the fact that such designation was made, but only to show by the notice of publication that it did not affirmatively appear there that it was made. The petition is signed by the Auditor General, and the presumption is that he authorized the publication in the paper in which it appears. The statute does not require that any statement of the designation shall appear either in the notice or the affidavit. We said in *Montgomery v. Merrill*, 36 Mich. 104:

" Jurisdictional facts cannot rest in parol, to be proved in one case, and disproved, perhaps, in another. The record must be complete in itself." .

It follows that, when the record is complete, want of jurisdiction cannot be shown by parol.

The objection is purely technical, and cannot be invoked to aid one who has neglected to pay his taxes, or to appear in the chancery suit to object to their validity. If the proceedings to foreclose these tax liens show upon their face want of jurisdiction, the deeds issued thereunder are of course void. Such was the case of *Millard v. Truax*, 99 Mich. 157.

The judgment is affirmed.

The other Justices concurred.