WALDRON *v.* AUDITOR GENERAL.

1. TAXES—PETITION FOR DECREE OF SALE—ORDER OF HEARING.
   An order for hearing on the petition of the auditor general
   for the sale of delinquent tax lands, which follows the form
   prescribed by section 62 of Act No. 206, Pub. Acts 1893, is
   sufficient, though it does not in its title state the year for
   which the taxes were assessed.

2. SAME—DESIGNATION OF NEWSPAPER.
   Where there were two papers published at the same place,
   known, respectively, as the "Muskegon Weekly Chronicle"
   and the "Muskegon Daily Chronicle," a publication of the de-
   linquent tax list in the Muskegon Weekly Chronicle was a suf-
   ficient compliance with the order of the auditor general desig-
   nating the "Muskegon Chronicle," inasmuch as the auditor
   general accepted and acted upon it as such.

3. SAME—NONRESIDENTS—OPPORTUNITY TO ATTEND HEARING.
   The objection that there was not sufficient time between the
   last publication and the day of hearing to permit nonresidents
   to attend the hearing is without force.

Appeal from Muskegon; Russell, J.    Submitted Jan-
uary 28, 1896.    Decided May 12, 1896.

Petition by Carolyn F. Waldron and others against
Stanley W. Turner, Auditor General, to set aside a sale
of certain lands for taxes assessed thereon for the year
1892.    From an order vacating the decree authorizing the
sale, the auditor general appeals.    Reversed.

*P. W. Niskern* (*John Vanderwerp*, of counsel), for
petitioners.

*Fred A. Maynard*, Attorney General, and *R. J. Mac-
donald*, Prosecuting Attorney, for the auditor general.

MONTGOMERY, J.    The petitioners moved to set aside
the decree entered at the September term, 1894, against

lands of the petitioners for taxes assessed thereon for the year 1892. Numerous claims and objections to the proceedings were made.

First, it is claimed that the order fixing the term of hearing, under section 62 of Act No. 206, Pub. Acts 1893, was not sufficiently entitled, for the reason that in the entitling it did not state the year for which the taxes were assessed. The objection is not only technical, but it is answered by the fact that the form provided by the statute was adopted.

The principal objection urged was that the auditor general designated the "Muskegon Chronicle" as the newspaper to make the publication, and that two newspapers are published in Muskegon, and known as the "Muskegon Daily Chronicle" and the "Muskegon Weekly Chronicle." The publication was in the Muskegon Weekly Chronicle, and proof of publication in that paper was made. The circuit judge held that the publication was not sufficient, and set aside the proceeding. The auditor general appeals.

The circuit judge evidently relied upon the case of *Russell* v. *Gilson*, 36 Minn. 366. The statute of Minnesota provided that the newspaper in which the delinquent list was to be published should be designated by the board of county commissioners, and that a copy of such resolution, certified by the county auditor, should be filed in the office of the clerk of the court. It was held that a publication in the Minneapolis Weekly Tribune, when the designation by the commissioners was the "Minneapolis Tribune," conferred no jurisdiction. Two important facts distinguish the Minnesota statute from ours: *First*, the body which makes the designation is not the body which makes the publication; *second*, the law requires the order of the publication to be filed in the office of the clerk of the court. The court said:

"The resolution was itself intended as notice to the taxpayer, so that, by examining it, he might be able to ascertain with certainty in what newspaper to look to see

whether any proceedings had been commenced against his land as delinquent."

The provisions of our statute which bear on the question are found in sections 63 and 66 of Act No. 206, Pub. Acts 1893. Section 63 reads as follows:

"The newspapers in which such order and petition are to be published shall be designated by the auditor general on or before the 1st day of July in each and every year, and not afterwards, unless the publisher of the paper so designated shall fail to accept such designation within 15 days after the same is made, or shall refuse or neglect to publish and print such order and petition, or unless, from any other cause, such publication shall become impracticable, in which case the auditor general shall designate some other paper for that purpose before the time limited for commencing such publication."

Section 66 contains the following:

"The auditor general shall cause a copy of said order and a copy of said petition to be published, at least once in each week for four successive weeks next prior to the time fixed for the hearing thereof, in some newspaper published and circulating in the county where such petition is filed, to be selected by the auditor general."

There is no provision for any record of the designation by the auditor general, and it is not to be inferred, therefore, that the public is to be expected to resort to such a record to ascertain in what newspaper the delinquent list is published. The auditor general is himself the moving party, acting on behalf of the State, and causes the publication. It is further provided by section 66 that the publisher of the paper shall furnish to the county treasurer and auditor general two copies of each issue containing the publication, and it is made the duty of the auditor general and treasurer to examine the notices published, and see that they are correct. It is evident, therefore, that, before the court is called upon to act upon this proof of publication, the auditor general's attention has been called to the paper in which the notice was published; and that this publication was treated by him as a compli-

ance with the designation is manifest from his permitting it to continue and acting upon it. There is room for saying that, under the Minnesota statute, the designation by the board is a jurisdictional prerequisite to action by the clerk, and that the record of this determination was intended to furnish means of information to the taxpayer; but our statute differs radically from the Minnesota statute in this respect. The one who causes the publication of the list himself selects the newspaper. No notice of the designation is required to be of record, and when the publication has taken place in such a newspaper as the auditor general is authorized to designate, and in one which he resorts to as complying with the designation which he has made, such publication as the statute vouchsafes to the owner of the land has been given.

Another point is made, that as two of the defendants reside in the State of Washington, and as the last publication was on the 6th day of September, and the hearing but four days later, these nonresidents, not having time to come from the place of their residence after the publication was completed, are being deprived of their property without the opportunity of a hearing, and without due process of law. We are cited to no authority to sustain this contention, and think it without force.

The order of the court below will be set aside, with costs of both courts to be taxed against petitioners.

The other Justices concurred.