AUDITOR GENERAL *v.* AYER.

1. SCHOOLS AND SCHOOL DISTRICTS—TAXATION—FINDING OF COURT. On objection to the validity of certain school taxes, the finding of the court below that an estimate of the necessary expenses for the ensuing year, as required by 2 Comp. Laws 1915, § 5903, was read at the annual meeting of the school district, *held*, justified by the record.

2. SAME—ESTIMATE OF EXPENSE READ AT ANNUAL MEETING—FAILURE TO PLACE ON RECORD. The purpose of requiring a statement and estimate to be made, entered in the record, and read at the annual meeting of a school district (2 Comp. Laws 1915, § 5903) being to advise the voters there present of the condition of the school and its finances, where a detailed statement was read at the annual meeting, the omission to enter same upon the record was properly held by the court below not to avoid the tax.

3. SAME—TAX VOTED BY SUBDISTRICTS VALID.

Where a school district was divided into two subdistricts under 2 Comp. Laws 1915, § 5892, there being no provision therein for a joint meeting for the voting of taxes, a tax spread only for the amounts voted by a majority of the voters at each subdistrict, *held*, valid.

4. SAME—TAXATION—OBJECTION TO TAX NOT FILED NOT AVAILABLE.

An objection to a school tax not filed in compliance with 1 Comp. Laws 1915, § 4063, cannot be considered by this court.

Appeal from Houghton; O'Brien (Patrick H.), J. Submitted June 15, 1920. (Docket No. 30.) Decided July 20, 1920.

Petition by Oramel B. Fuller, auditor general, for the sale of land delinquent for taxes: On objection of Frederick F. Ayer, trustee of the estate of James C. Ayer, deceased. From an order overruling the objections, said trustee appeals. Affirmed.

*Anthony Lucas*, Prosecuting Attorney, and *Walter G. Van Slyck* (*John J. Walsh*, of counsel), for plaintiff.

*A. E. Miller* (*Ralph R. Eldredge*, of counsel), for appellant.

SHARPE, J. The township of Duncan in Houghton county was organized as a township school district in 1915, under the provisions of Act No. 176, Public Acts of 1891, and the acts amendatory thereto (2 Comp. Laws 1915, § 5892 *et seq.*). In 1916, the district was divided into two subdistricts, number one known as the Kenton district, and number two as the Sidnaw district.

At the hearing of the auditor general's petition for the sale of lands delinquent for the taxes assessed thereon for the year 1916 in said county, the following

objections were filed to the validity of the school taxes. in that township:

"The said school taxes are void for the following additional reasons:

"(a) The said school district was organized as a township school district under Act No. 176 of the Public Acts of 1891, and the acts amendatory thereof; but the board of education of said school district did not, prior to the annual meeting of said school district, make the detailed statement and estimate required by section 12 of said act, nor was any such statement or estimate entered in the record of said board or publicly read to the voters at the said annual meeting, as required by said section 12.

"(b) The questions as to raising money by taxation, acted upon at said annual school meeting in the two precincts into which said township was divided, were not previously reported to the township board, and were not by them reported to the board of inspectors of election of each precinct on the morning of election, or at any other time prior to said election, as required by section 3649 of the Compiled Laws of 1915.

"(c) The motions voted upon in the two precincts were entirely different both as to purpose and amount, with the result that none of said motions was lawfully carried."

The appeal here pending is from a decree overruling these objections.

1. Section 5903 (section 12 of the act) requires the board of education, prior to the annual meeting to be held on the second Monday in July, to make a detailed statement of the number of schools, the number of teachers, the number of pupils and the expenditures during the preceding year and—

"also an estimate of the necessary expenses for the ensuing year, exclusive of the income from the primary school interest fund and one mill tax, which report or statement shall be entered at length in the record of said board and shall be publicly read * * . * to the voters * * * at their annual meeting."

The records of the district contain no such statement or estimate. In the opinion filed by the trial judge he says:

"With reference to this point it is sufficient to say that the evidence in this case shows that a detailed statement of expenditures was read at the annual meeting of said school district in both precincts. That an estimate was read at both meetings."

We have examined the record and are of the opinion that this finding was justified by the proofs. But counsel urge that parol evidence was not admissible to establish such facts; that as section 12 above quoted provides that the statement and estimate shall be entered at length on the record, the absence of such record conclusively negatives any claim that such action was had. If the taxes were legally voted by the proper authorities, we fail to see how a taxpayer can be said to be injured by such omission. The purpose of requiring a statement and estimate to be made, entered in the record and read at the annual meeting, is to advise the voters there present of the condition of the school and its finances and to give them the benefit of the judgment of the board as to the taxes necessary to be voted to maintain the school for the succeeding year. In the absence of such information, the voters might well decline to vote any taxes until the same was presented. But when this information is furnished them from a detailed statement and estimate read to them, we think the trial judge rightly concluded that the omission to enter such writing in the record should not be held to avoid the tax.

2 and 3. Section 5892 (section 1 of the act) provides that the board of education may divide the township into subdistricts, and it is conceded that such action was taken. There is no provision for a joint meeting for the voting of taxes. The board apparently were of the opinion that the law providing for voting

township taxes in such cases would govern. Without considering the necessity for legislation authorizing such action, it is sufficient to say that a tax was spread only for the amounts voted by a majority of the voters at each subdistrict. Other taxes were, however, voted by the board.

4. Counsel for the objector urged that the action of the board in voting taxes without reciting in the resolution that the voters had neglected or refused to authorize the same, rendered the tax void under our decisions in *Harding* v. *Bader*, 75 Mich. 316, and *Auditor General* v. *Railway Co.*, 116 Mich. 122.

Counsel for the petitioner insist that no such objection was filed and that it cannot now be considered. The provision of the tax law as to such objection is very specific. In section 66 thereof (1 Comp. Laws 1915, § 4063), it is provided:

"Any person having any interest in the lands * * * desiring to contest the validity of any tax shall file in writing his objections thereto * * * and shall not be allowed to make any objections not therein specified."

We have set out the objections in full as they appear in the printed record and do not find that they include any such claim. We therefore cannot consider this objection. *Auditor General* v. *Sloman*, 84 Mich. 118.

We feel constrained to conclude, as did the trial judge, that "the objections to the school taxes are without merit and should be dismissed."

The decree is affirmed, with costs against the objector.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.