DETROIT LIFE INSURANCE CO. *v.* AUDITOR GENERAL.

1. TAXATION—DECREE FOR SALE NOT VOID BECAUSE OF ERROR IN NAME OF OWNER.

    The decree for the sale of land to the State for delinquent taxes under 1 Comp. Laws 1915, § 4063 *et seq.*, was not rendered void by reason of an error in the name of the owner or failure to except the interest of a railroad company which had a right of way thereon.

2. SAME—REASONS FOR SETTING ASIDE SALE.

    To the provisions in 1 Comp. Laws 1915, § 4067, that "no sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt

from taxation," a third reason, "the lack of jurisdiction to enter the decree," has been added by the Supreme Court.

3. SAME—QUESTIONS FOR COURT TO DECIDE.

On a petition for the sale of land for taxes in pursuance of 1 Comp. Laws 1915, § 4063 *et seq.*, the question for the court to pass on, in the absence of objections, was whether there was a tax due from the owner on the lands, as assessed, which included the question whether it was *properly* assessed, and the court was not required to ascertain whether the several descriptions assessed as one parcel were contiguous or of equal value, notwithstanding sections 4049, 4054, 4055, 4072, giving a right to the owner to pay taxes on any part of description of land, or to redeem any parcel of land after sale, since on the hearing the court may receive evidence and separate the taxes and apportion to each parcel its just proportion thereof.

4. SAME—INTEREST MAY BE DISALLOWED WHERE TAX COULD NOT HAVE BEEN VOLUNTARILY PAID.

In such proceeding, interest may be disallowed when it is apparent that the tax justly due could not have been voluntarily paid.

5. SAME—PUBLICATION OF PETITION AND NOTICE EQUIVALENT TO PERSONAL SERVICE.

The publication of the petition in said proceeding and notice of hearing was the equivalent of personal service.

6. SAME—OWNER CHARGEABLE WITH NOTICE OF TAX.

Every owner of land is chargeable with notice that a tax will be levied on it each year.

7. SAME—IRREGULARITY IN ASSESSING LAND INSUFFICIENT TO DEPRIVE COURT OF JURISDICTION TO ORDER SALE.

In view of 1 Comp. Laws 1915, § 4078, providing that no tax or sale shall be invalid because of irregularity in assessment, and that the owner did not appear at the hearing and question the validity of the tax, an irregularity in assessing lots and parts of lots not contiguous as one parcel did not deprive the court of jurisdiction to decree sale thereof under 1 Comp. Laws 1915, § 4063 *et seq.*

Appeal from Houghton; Stone (John G.), J. Submitted June 10, 1924. (Docket No. 6.) Decided July 24, 1924. Rehearing denied October 6, 1924.

Petition by the Detroit Life Insurance Company against Oramel B. Fuller, auditor general, and others to set aside sales of land delinquent for taxes.  From a decree for plaintiff, defendant auditor general appeals.  Reversed, and petition dismissed.

*Galbraith & McCormack,* for plaintiff.

*Andrew B. Dougherty,* Attorney General, and *James A. Greene,* Assistant Attorney General (*John D. Kerr* and *George L. Hauser,* of counsel), for appellant.

SHARPE, J.  The supervisor of the township of Portage, in the county of Houghton, assessed certain platted lots and parts of lots, some of which were not contiguous, as one parcel, to the estate of Richard Edwards as owner, on the assessment roll for the year 1916.  The taxes levied thereon not having been paid, the lands were returned delinquent, included in the petition of the auditor general and, after decree, advertised and sold, and bid in to the State, pursuant to the provisions of section 4063 *et seq.,* of the general tax law as it appears in the Compiled Laws of 1915. Similar proceedings were had and taken as to the taxes of 1917 and 1918.  Louis J. Braun purchased from the State, and afterwards assigned his certificates to George C. Edwards, who now holds tax deeds therefor.  On August 19, 1921, the Detroit Life Insurance Company filed a petition in the original tax proceedings, averring that it is the owner of an undivided three-fifths interest in the lands so assessed, and praying that the several decrees and sales thereunder be vacated, and that Braun be restrained from serving on it the notice to redeem, provided for in section 4138.  Plaintiff claims that the assessment as made was void and conferred no jurisdiction on the court to make the decree, for the following reasons:

228—Mich.—13.

(1) That the property was not assessed to the true owner, as appeared by the records in the office of the register of deeds.

(2) That the Mineral Range Railroad owned a right of way over the lands, and its interest was not excepted in the description.

(3) That the lots and parts of lots so assessed were not contiguous or of equal value, and could not be lawfully embraced in one description with a single valuation on the assessment roll.

The trial court held that the two reasons first stated were without merit under the holding in *Hooker* v. *Bond,* 118 Mich. 255, and *Smith* v. *Auditor General,* 138 Mich. 582.   He considered the third reason assigned at length, and concluded that the assessment of the lots, not contiguous to each other, and of equal value, in one parcel was in contravention of the mandatory provisions of the statute, and deprived the court of jurisdiction to make a decree for the taxes assessed thereon.   From a decree canceling the taxes and the deeds issued on the sales made thereunder, the auditor general appeals.

1 and 2.   The court was clearly right in holding that the error in the name of the owner or in the failure to except the interest of the railroad company did not render the decree void.   These are not discussed by counsel, and we do not further consider them.

3. The applicable provisions of our tax law are so accessible that we do not quote from them at length. Subdivision 5 of section 4019 refers to platted lands. It reads:

"When two or more parcels of land adjoin and are used and occupied together they may be assessed by one valuation."

The provision in section 4018 for the assessment in one parcel of "contiguous subdivisions of any section" would seem to apply only to lands not platted.   Section 4098 contains a provision that no tax or sale shall

be held invalid "on account of any irregularity in any assessment," and also provides that all proceedings "shall be presumed * * * to be legal, until the contrary is affirmatively shown." The publication of the order and petition is made the equivalent to personal service on the land owner (§ 4063). This section also provides:

"If the lands of two or more persons have been assessed together, the court may, if practicable, separate the same and apportion to each parcel its just proportion of the taxes, interest and charges."

Section 4069 provides that tax deeds "shall convey an absolute title to the land sold, and be conclusive evidence of title, in fee." Section 4067 provides that—

"No sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation."

A third reason, "the lack of jurisdiction to enter the decree," has been added by this court. *Rumsey* v. *Griffin*, 138 Mich. 413. The latter reason was found to exist in *Millard* v. *Truax*, 99 Mich. 157, and *Watts* v. *Bublitz*, 99 Mich. 586. It appears clearly from the proofs presented that the lots and parts of lots assessed as one parcel did not adjoin. They should not have been so assessed. The question presented is whether this error deprived the court of jurisdiction to enter the decree as to them.

While it is doubtless a convenience to the assessing officer to assess several descriptions in one parcel, the provision therefor is also for the benefit of the land owner. It is a well-known fact that, when several lots are assessed as one parcel, the tendency is to assess them at less than if placed on the roll as separate parcels.

Stress is laid upon the fact that by the assessment

as made the owner was deprived of the right secured to him under the law (§§ 4049, 4054, 4055) to pay the "taxes on any parcel or description of land," or after sale to "redeem any parcel of such lands" (§ 4072). Before the enactment of the provision for a hearing in and decree by the court, in 1893, the taxpayer was entitled to have his land assessed so that he could avail himself of the provisions as to payment on separate parcels, in order that he might not be required to pay on lands which he had sold after assessment or which had been erroneously included with those owned by him. But on the hearing on the petition for sale the court may receive evidence and separate the taxes and "apportion to each parcel its just proportion of the taxes, interest and charges." Interest may be disallowed when it is apparent that the tax justly due could not have been voluntarily paid. On the hearing, the court was not required to ascertain whether the several descriptions included in the one parcel as assessed were contiguous or of equal value. Presumptively, the law had been complied with. The publication of the petition and notice of hearing was the equivalent of personal service. The question for the court to pass upon, in the absence of objections, was whether there was a tax due from the owner on the lands as assessed. As was said in *Muirhead* v. *Sands,* 111 Mich. 487, 495:

"This includes the question of whether it is properly assessed."

See, also, *Ball* v. *Ridge Copper Co.,* 118 Mich. 7; *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87.

Every owner of land is chargeable with notice that a tax will be levied on it each year. It is no hardship to require that he shall appear at the hearing in court and raise any question affecting the manner of the assessment as well as the validity of the taxes, and secure such a decree as in law and equity protects his

interests as owner. *Cole* v. *Shelp*, 98 Mich. 56. The saving provision in section 4098, quoted above, we think applies to the facts here presented. In *Smith* v. *Auditor General, supra,* wherein property exempt from taxation was included in the description as assessed, it was held that it was but an irregularity which did not affect the jurisdiction of the court and was cured by the decree. *Fletcher* v. *Township of Alcona,* 72 Mich. 18, cited by plaintiff, was decided before the present tax law was enacted, and is not applicable in view of the several provisions therein which have been quoted and referred to.

Plaintiff is not here defending against a tax imposed on an erroneous assessment. It is invoking the aid of the court to set aside a decree rendered and sale made pursuant to the statute, in which all the proceedings, including the assessment, were fair on their face. The relief prayed for may not be granted in view of the statutory provisions.

The decree entered is reversed, and one may be entered here dismissing the plaintiff's petition, with costs to the auditor general.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.