AUDITOR GENERAL *v.* OBER.

1. TAXATION—PUBLICATION OF NOTICE OF HEARING ON PETITION FOR SALE FOR DELINQUENT TAXES—JURISDICTION.

Under provisions of general property tax law wherein it is required that the auditor general file in office of county clerk a petition listing delinquent taxes, praying for a decree for payment or, in default thereof, for sale of lands, that such petition be presented to circuit judge who must enter an order for hearing on a specified date and for publication of the order for hearing, publication is the equivalent of personal service and gives the court jurisdiction (1 Comp. Laws 1929, §§ 3452, 3454, 3458, as last amended by Act No. 37, Pub. Acts 1939).

2. SAME—SALE OF LAND FOR DELINQUENT TAXES—OBJECTIONS.

The plain import of statutory provisions relating to sale of lands for delinquent taxes and providing for filing of objections to validity of the taxes was to provide for an orderly and definite process whereby taxes may be collected or lands sold for nonpayment at a definite time after three years of nonpayment (1 Comp. Laws 1929, §§ 3451, 3452, 3454, 3458, as last amended by Act No. 37, Pub. Acts 1939).

3. SAME—SALE OF LAND FOR DELINQUENT TAXES—TIMELY FILING OF OBJECTIONS.

Statutory provisions relating to filing of written objections to petition for sale of lands for delinquent taxes on or before date fixed for hearing and granting authority to extend time for filing objections for five days contemplate that all objections to the proceedings must be timely filed and objections based on other grounds cannot be allowed (1 Comp. Laws 1929, § 3458, as last amended by Act No. 37, Pub. Acts 1939).

4. SAME—SALE OF LANDS FOR DELINQUENT TAXES—REHEARING—PRESUMPTIONS.

On appeal from order granting taxpayer rehearing in proceeding to sell his land for delinquent taxes and allowing further time within which to file objections to the petition for sale and from

subsequent decree setting aside the sale, where decree for sale was entered April 1st and record does not indicate when sale was held, Supreme Court must assume that the sale was held according to law beginning the first Tuesday in May (1 Comp. Laws 1929, §§ 3451, 3452, 3454, 3458, as last amended by Act No. 37, Pub. Acts 1939).

5. SAME—DESCRIPTION IN PUBLISHED LIST OF DELINQUENT TAXES—WAIVER OF IRREGULARITY.

After taxpayer filed a written waiver of irregularity of description of his land in published list filed in connection with petition for its sale for delinquent taxes, consented in writing that the petition and publication be amended to correct the same and the decree was entered to conform to the correct description, the taxpayer cannot be heard to complain as to incorrect description (1 Comp. Laws 1929, §§ 3451, 3452, 3454, 3458, as last amended by Act No. 37, Pub. Acts 1939).

6. SAME—DECREE FOR SALE OF LAND FOR DELINQUENT TAXES—REHEARING—STATUTES.

After decree for sale of land for delinquent taxes, a rehearing may not be granted for the purpose of allowing the filing of objections to the tax, contrary to the express provisions of the general property tax law (1 Comp. Laws 1929, §§ 3458, 3459, as last amended by Acts Nos. 37, 282, Pub. Acts 1939).

7. SAME—OBJECTIONS TO VALIDITY OF TAX—PURPOSE OF LIMITATION ON TIME FOR FILING.

Statutory limitation upon time within which to file objections to validity of tax for which land is sold for delinquency in payment to period before date fixed by circuit court for hearing on petition for sale and not more than five days after date fixed for such hearing was designed to prevent decree for sale from being upset after time fixed for sale (1 Comp. Laws 1929, §§ 3451, 3458, as last amended by Act No. 37, Pub. Acts 1939; Court Rule No. 48, § 1 [1933]).

8. SAME—FILING OF OBJECTIONS TO VALIDITY OF TAX—STATUTES—JURISDICTION.

Under statutory limitation of time within which to file objections to validity of tax for which auditor general filed petition for sale for delinquency in payment to time set for hearing on petition and not more than five days thereafter, circuit court was without jurisdiction to grant rehearing for purpose of filing objections on application filed therefor nearly two months after decree, to allow filing of objections four months after decree and subsequently make supplemental decree set-

ting aside the sale (1 Comp. Laws 1929, §§ 3451, 3452, 3454, 3458, 3459, as last amended by Acts Nos. 37, 282, Pub. Acts 1939).

9. SAME—COURTS—JURISDICTION—STATUTES.

Jurisdiction of a chancery court in proceedings to collect taxes or sell lands upon which taxes were assessed is special and statutory and must be strictly confined to the limits of the statute conferring it as the common law gives no jurisdiction to the courts in such matter.

10. SAME—REHEARINGS—JURISDICTION—APPEAL—QUESTIONS REVIEW-ABLE.

On appeal from order granting a taxpayer a rehearing to allow objections to be filed to validity of tax in proceeding on petition for sale of lands for delinquent taxes and from decree setting aside the sale, the auditor general could question circuit judge's jurisdiction to grant a rehearing for such purpose notwithstanding such rehearing was not objected to on specific ground of lack of jurisdiction in circuit court as such matter can be raised in Supreme Court (1 Comp. Laws 1929, §§ 3451, 3452, 3454, 3458, 3459, as last amended by Acts Nos. 37, 282, Pub. Acts 1939).

11. SAME—OWNER CHARGEABLE WITH NOTICE OF TAX.

Every owner of land is chargeable with notice that a tax will be levied on it each year.

12. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—OBJECTIONS—PAYMENT OF PORTION.

Special assessments on two adjoining parcels of realty for cost of paving and storm sewer projects were not invalid on the ground that the two parcels should have been considered one parcel, where owners made no objection at review of assessment, paid 7 of the 10 annual instalments, and sale of one parcel was decreed for default in last three instalments (1 Comp. Laws 1929, §§ 3451, 3452, 3454, 3458, 3459, as last amended by Acts Nos. 37, 282, Pub. Acts 1939).

Appeal from Wayne; Jayne (Ira W.), J.   Submitted October 9, 1942.   (Docket No. 75, Calendar No. 42,002.)   Decided January 4, 1943.

Petition by Auditor General to sell land for non-payment of assessment.   From order of circuit

court granting defendant landowner, Jessie Wilske Ober, a rehearing and from decree setting aside assessment and sale, plaintiff appeals. Reversed.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Samuel Brezner* and *Helen W. Miller,* Assistant Prosecuting Attorneys, for plaintiff.

*John L. Crandell,* for defendant.

BOYLES, C. J. In this case the auditor general as plaintiff in a chancery proceeding to sell land for delinquent taxes appeals from an order entered in the circuit court granting the landowner a rehearing, allowing further time for filing objections to the auditor general's petition, and from the subsequent decree setting aside the tax. The facts are as follows: In 1916 William B. Wilske and Jessie Wilske, his wife, obtained title to a certain five acres of land in the village of Plymouth, Wayne county. In 1919 by conveyance from a different grantor they obtained title to certain other real estate including lot 8 adjoining the five-acre parcel, all of said land being within the limits of the city (formerly village) of Plymouth. William B. Wilske is deceased. Jessie Wilske (now Jessie Wilske Ober) took title by survivorship, and is the defendant (appellee) in this case.

The five-acre parcel has a frontage of 489.03 feet on Penniman avenue, and lot 8 has a similar frontage of 87.57 feet.

In 1928 the village undertook and completed certain paving and storm sewer projects on Penniman avenue. Special assessments were levied to cover the cost, $3,131.25 on the five-acre tract and $560.70

on lot 8. The Wilskes made no protest concerning the amounts of the special assessments and paid the first seven of the ten instalments, totaling $2,677.26. No instalments having been paid since 1935, the lands were returned delinquent and in 1940 the auditor general listed lot 8 for sale for nonpayment. The five-acre parcel was not listed or included in the proceedings for sale.

The auditor general filed his petition for sale on February 16, 1940, due publication was had, and on April 1, 1940, a decree of sale was entered. Defendant did not appear or file any objection to the sale. On May 31, 1940, defendant filed an application for a rehearing upon the final decree entered April 1st, claiming that the total amount of special assessment taxes on the five-acre parcel and lot 8 combined exceeded the 25 per cent. of the assessed valuation of the land as limited by the village charter and State law,* wherefore the assessments were illegal and void. Defendant also claimed to be unable to ascertain that her property was listed because the description was not the same on lot 8. The auditor general filed objections to hearing the application, objecting to the granting of any rehearing. On July 19, 1940, the circuit judge entered an order granting a rehearing and allowing defendant 10 days thereafter to file objections to the sale. Thereupon, on July 29th, defendant filed objections to the petition for the sale on the above-stated grounds, rehearing on the auditor general's petition for sale was held, and on October 23, 1941, the court entered a supplemental decree setting aside the sale of defendant's lot 8. The auditor general appeals both from granting the rehearing and the order allowing objections to be filed, and from the supplemental decree.

---

* 1 Comp. Laws 1929, § 1617 (Stat. Ann. § 5.1353).—REPORTER.

The auditor general claims that the circuit judge erred in granting the petition for rehearing, in allowing defendant to file objections after the statutory time had expired, and in entertaining the objections after the time limited by 1 Comp. Laws 1929, § 3458, as amended by Act No. 91, Pub. Acts 1937, and Act No. 37, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3458, Stat. Ann. 1940 Cum. Supp. § 7.111). He claims that the court had no jurisdiction to grant the rehearing, to allow the objections to be filed, or to enter the supplemental decree on October 23, 1941. With this contention, we feel compelled to agree.

The statute, 1 Comp. Laws 1929, § 3451, as amended by Act No. 325, Pub. Acts 1937, and Act No. 37, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3451, Stat. Ann. 1940 Cum. Supp. § 7.104), fixes the date of the annual tax sale as the first Tuesday in May of each year. Section 3452, as amended by Act No. 91, Pub. Acts 1937, and Act No. 37, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3452, Stat. Ann. 1940 Cum. Supp. § 7.105), requires the auditor general to file in the office of the county clerk a petition listing the delinquent taxes, praying for a decree for payment, or in default thereof for sale of the lands. (In the case at bar, the petition was filed February 16, 1940.) Section 3454 (Stat. Ann. § 7.107) requires the county clerk to present at once the petition to the circuit judge and makes it the duty of the circuit judge to enter an order for hearing the petition on a specified date. Section 3458, as amended, requires the auditor general to cause a copy of the petition and order to be published for four successive weeks next prior to the time fixed for hearing. The publication is equivalent to personal service and gives the court jurisdiction. This section further provides that any person having any

interest in the lands, desiring to contest the validity of any tax, shall file objections in writing and serve a copy thereof "on or before the day fixed in said notice for the hearing of such petition, and shall not be allowed to make any objections not therein specified." This section then further provides:

"If on the day fixed in such notice for the hearing of such petition or on the day following that day, it shall be made to appear to the court that any person has been prevented from filing his objections to any tax without any fault on his part, such further time may be granted for that purpose as may seem proper, *not exceeding five days.*"

The statute requires the court to give precedence to the hearing of the auditor general's petition over all other business, determine the matters therein stated and the objections made "in a summary manner;" and to make a final decree at least 10 days prior to the time fixed for sale.

The plain import of these statutory requirements is to provide for an orderly and definite process whereby taxes may be collected or lands sold for nonpayment of taxes, at a definite time after three years of nonpayment. Objectors to validity of the tax are allowed time for filing objections and a day in court for hearing thereon. This court has on several occasions held that the time provided by statute for filing objections was sufficient.

"The statute contemplates that all objections to the proceedings taken by the auditor general for the enforcement of this lien shall be taken under section 53, and, whether such objections go to the validity of the law or of the proceedings taken under it, they must be made and filed in writing on or before the day fixed for the hearing of the petition, and no objections not so stated and filed can be allowed. If respondent had any objection to the validity of

the taxes based on other grounds than such as were stated in his demurrer, they should have been made and filed under this section. The statute does not contemplate any merely dilatory pleading, and a resort to such practice would greatly impede the collection of the public revenues." *Auditor General* v. *Sloman,* 84 Mich. 118.

In *Waldron* v. *Auditor General,* 109 Mich. 231, this court held that the objection that there was not sufficient time between the last publication and the day of hearing to permit nonresidents to attend the hearing was without force.

In *Brown* v. *Houghton Mineral Land & Mining Co.* (syllabus), 123 Mich. 117, it was held:

"A taxpayer was sufficiently protected in the right, given him by section 66 of the tax law of 1893, to appear and ask leave to file objections to the tax at any time within five days after the day fixed for hearing the auditor general's petition for the sale of the land, where the court was in session continuously from November 10th, the day set for the hearing, to and including the 14th, and then adjourned until Monday, the 16th, when the decree was made and entered. *Gates* v. *Johnson,* 121 Mich. 663, followed."

In the instant case, the decree for sale was entered April 1, 1940. While the record does not indicate, we must assume the sale was held according to law, beginning the first Tuesday in May. The defendant's application for rehearing was not filed until May 31st. Defendant explains the delay as being on account of the published list having described the property as lot 8, Kate E. Allen's subdivision, instead of subdivision "A." However, on May 3d, the auditor general, having been informed of the error, withheld lot 8 from sale, and subsequently defendant filed a written waiver of the ir-

regularity and defect and consented in writing that the petition and publication be amended to correct the same. The decree was entered to conform to the correct description. Had defendant insisted on relying upon the error in description, the auditor general would have continued to withhold the land from sale. Defendant cannot be heard to complain on this ground.

Defendant claims the right to file an application for rehearing within 60 days from the entering of the decree, on the ground that the general tax law does not cover the question of rehearing, and that a court of chancery has inherent power to grant rehearings. Plaintiff answers that the general tax law does not permit it, and that the general tax law controls.

The general tax law, 1 Comp. Laws 1929, § 3459, as amended by Act No. 114, Pub. Acts 1937, and Act No. 282, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3459, Stat. Ann. 1940 Cum. Supp. § 7.112), provides:

"The proceedings where the validity of any tax is in dispute shall, where no other provision is made herein, follow the ordinary chancery practice, and the court may allow amendments as in ordinary cases."

We might assume, without so deciding, that there may be circumstances where a rehearing might be granted after the decree has been entered. However, it cannot be granted for the purpose of allowing the filing of objections to the tax, contrary to the express provisions of the general tax statute itself. As we have seen, the tax law provides that objections may be filed on or before the day fixed for hearing the petition or the day following, or within the further time, *not exceeding five days,*

allowed by the court. The reason for this statutory limitation in, tax matters is apparent. If the general rule is followed, which allows petitions for rehearing to be filed within two months from the original order or decree, * and should be held to apply to the tax sale decree, and then allow objections to the sale to be filed thereafter, any decree for sale of lands for delinquent taxes might be upset after the time fixed by statute for the sale, the first Tuesday in May. In the instant case, the court allowed objections to be filed four months after the decree. The orderly procedure which is prescribed by the general tax law for the sale of land for delinquent taxes does not permit this to be done. The order granting the rehearing for the purpose of filing the objections must be set aside. It follows that the court had no jurisdiction subsequently to make the supplemental decree setting aside the sale.

In *Wood* v. *Bigelow*, 115 Mich. 123, counsel claimed that the general well-known rules of procedure in chancery cases applied to proceedings and decrees for sale of land for delinquent taxes. The court said:

"Counsel cite cases, which they contend sustain this claim. But these are cases which fall within some well-known head of chancery jurisdiction, and in such cases the rule is settled that, if the chancery court has jurisdiction of the parties and the subject matter, though the decree be erroneous, it is binding upon both parties until set aside. But the proceedings had in the present case are not within the ordinary jurisdiction of the chancery court. Such jurisdiction is special and statutory, and must be strictly confined to the limits of the statute conferring it. Mr. Justice COOLEY, in his work on taxation, speaking of the sale of lands for unpaid taxes, lays down the rule that:

* Court Rule, No. 48, § 1 (1933).—REPORTER.

" 'In any judicial proceeding, the court which assumes to act must have that authority of law for the purpose which is called jurisdiction. This consists in authority over the subject matter and authority over the persons concerned. * * * Concerning jurisdiction of the subject matter, it is only necessary to observe that it must come wholly from the Constitution or statutes of the State, the common law giving to the courts no authority in such cases. Moreover, that which is conferred is a special and limited jurisdiction. The importance of this fact appears in that familiar principle that nothing is taken by intendment in favor of the action of a court of special and limited jurisdiction, but it must appear by the recitals of the record itself that the facts existed which authorized the court to act, and that in acting the court has kept within the limits of its lawful authority. This principle is applicable to the case of a court of general jurisdiction, which, in the particular case, is exercising this peculiar special and limited authority, as well as to the case of special courts created for such special and limited authority only.' Cooley, Taxation (2d Ed.), p. 525."

In *Triangle Land Co.* v. *City of Detroit,* 204 Mich. 442, 455 (2 A. L. R. 1526), in considering the rights of parties in a proceeding for sale of lands for delinquent taxes, this court adhered to the theory that the general tax law controls, and said:

"From the foregoing we are constrained to conclude that plaintiff has shown a compliance with requirements of the tax law establishing legal rights which it is entitled to maintain by this proceeding as the statute authorizes. The rights of these parties are purely statutory, and, as said in *Rousseau* v. *Riihiniemi,* 186 Mich. 653, 'can be neither enlarged nor limited by the court.' "

Defendant contends that the auditor general cannot now raise the question of lack of jurisdiction of

the circuit judge to grant the rehearing, allow objections to be filed and enter the supplemental decree, because the rehearing was not objected to in the court below on that specific ground. The question of lack of jurisdiction can be raised in this court. In *Rumsey* v. *Griffin,* 138 Mich. 413, counsel for the petitioner in his brief raised two objections to the validity of the tax deed. A third—lack of jurisdiction to enter the decree—was added by this court, citing *Burns* v. *Ford,* 124 Mich. 274; *Berkey* v. *Burchard,* 119 Mich. 101; *Spaulding* v. *O'Connor,* 119 Mich. 45.

In *Detroit Life Insurance Co.* v. *Auditor General,* 228 Mich. 191, again considering the validity of a decree for sale of lands for delinquent taxes, this court said:

"A third reason, 'the lack of jurisdiction to enter the decree,' has been added by this court. *Rumsey* v. *Griffin,* 138 Mich. 413. The latter reason was found to exist in *Millard* v. *Truax,* 99 Mich. 157, and *Watts* v. *Bublitz,* 99 Mich. 586. It appears clearly from the proofs presented that the lots and parts of lots assessed as one parcel did not adjoin. They should not have been so assessed. The question presented is whether this error deprived the court of jurisdiction to enter the decree as to them. * * *

"On the hearing, the court was not required to ascertain whether the several descriptions included in the one parcel as assessed were contiguous or of equal value. Presumptively, the law had been complied with. The publication of the petition and notice of hearing was the equivalent of personal service. The question for the court to pass upon, in the absence of objections, was whether there was a tax due from the owner on the lands as assessed. As was said in *Muirhead* v. *Sands,* 111 Mich. 487, 495:

" 'This includes the question of whether it is properly assessed.'

"See, also, *Ball* v. *Ridge Copper Co.*, 118 Mich. 7; *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87.

"Every owner of land is chargeable with notice that a tax will be levied on it each year. It is no hardship to require that he shall appear at the hearing in court and raise any question affecting the manner of the assessment as well as the validity of the taxes, and secure such a decree as in law and equity protects his interests as owner."

In the instant case, defendant attempts to attack the validity of the special assessments on the ground that the five-acre parcel and lot 8 should have been considered as one parcel, instead of the assessment being levied on two separate descriptions; that in so doing, the assessment according to frontage on Penniman avenue resulted in a tax exceeding the 25 per cent. of assessed valuation, contrary to law. No objection was made by defendant when the time came for reviewing the assessment, defendant has paid 7 of the 10 annual instalments, the last three being in default for which sale was decreed. What was said by this court in the *Detroit Life Insurance Company Case, supra,* fairly applies to the present case.

In view of the above conclusion, it is not necessary to discuss the other questions raised. A decree may be entered in this court setting aside the supplemental decree and declaring the order granting the rehearing and allowing the filing of objections null and void. No costs allowed.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSH-NELL and SHARPE, JJ., concurred.